FILED
September 17, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By: _____DT_____
        Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JORGE MARIO HERNANDEZ,<br><br>Defendant. | **I N D I C T M E N T**    Case No: EP:25-CR-02257-KC<br><br>**CT 1:**  21:963-Conspiracy to Import a Controlled Substance;<br><br>**CT 2:**  21:952(a)-Importation of a Controlled Substance;<br><br>**CT 3:**  21:963-Conspiracy to Import a Controlled Substance;<br><br>**CT 4:**  21:952(a)-Importation of a Controlled Substance;<br><br>*Notice of Government's Demand for Forfeiture* |

THE GRAND JURY CHARGES:

## COUNT ONE

That on or about August 21, 2025, in the Western District of Texas, Defendant,

**JORGE MARIO HERNANDEZ,**

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed and with others to the Grand Jury known and unknown, to commit an offense against the United States, in violation of Title 21, United States Code, Section 963, that is to say, the Defendant conspired to import a controlled substance, which offense involved 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, into the United States from Mexico, contrary to Title 21, United States Code, Sections 952(a), 960(a)(1), 960(b)(1)(H), and 963.

## COUNT TWO

That on or about August 21, 2025, in the Western District of Texas, Defendant,

**JORGE MARIO HERNANDEZ,**

knowingly and intentionally imported into the United States from Mexico a controlled substance, which offense involved 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1), and 960(b)(1)(H).

## COUNT THREE

That on or about August 21, 2025, in the Western District of Texas, Defendant,

**JORGE MARIO HERNANDEZ,**

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed together, and with others to the Grand Jury known and unknown, to commit an offense against the United States, in violation of Title 21, United States Code, Section 963, that is to say, the Defendant conspired to import a controlled substance, which offense involved five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, into the United States from Mexico, all in violation of Title 21, United States Code, Section 952(a), 960(a)(1), 960(b)(1)(B)(ii), and 963.

## COUNT FOUR

That on or about August 21, 2025, in the Western District of Texas, Defendant,

**JORGE MARIO HERNANDEZ,**

knowingly and intentionally imported into the United States from Mexico a controlled substance, which offense involved five kilograms or more of a mixture or substance containing a detectable

2

amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1), and 960(b)(1)(B)(ii).

**NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE**
[*See* Fed. R. Crim. P. 32.2]

**I.**
**Drug Violation and Forfeiture Statutes**
[Title 21 U.S.C. §§ 963, 952(a), 960(a)(1), 960(b)(1)(H) and 960(b)(1)(B)(ii),
subject to forfeiture pursuant to Title 21 U.S.C. §§ 853(a)(1) and (2) and 970]

As a result of the criminal violations set forth above, the United States gives notice to Defendant **JORGE MARIO HERNANDEZ** of its intent to seek the forfeiture of certain property upon conviction pursuant to Fed R. Crim. P. 32.2 and Title 21 U.S.C. §§ 853(a)(1) and (2), which states:

> **Title 21 U.S.C. § 853. Criminal Forfeitures**
> **(a) Property subject to criminal forfeiture**
> **(1)** any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
> **(2)** any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.
>
> **Title 21 U.S.C. § 970. Criminal Forfeitures**
> Section 853 of this title, relating to criminal forfeitures, shall apply in every respect to a violation of this subchapter punishable by imprisonment for more than one year.

This Notice of Demand for Forfeiture includes but is not limited to the money judgment described in Paragraph II.

**II.**
**Money Judgment**

A sum of money that represents the amount of proceeds obtained by the Defendant, directly or indirectly, as a result of the offenses set forth above, and the value of property used to facilitate, or intended to be used to facilitate the commission of the offense, for which Defendant **JORGE MARIO HERNANDEZ** is solely liable.

**Substitute Assets**

If any of the property described above, as a result of any act or omission of the Defendant:

  a. cannot be located upon the exercise of due diligence;
  b. has been transferred or sold to, or deposited with, a third person;
  c. has been placed beyond the jurisdiction of the Court;
  d. has been substantially diminished in value; or
  e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States of America to seek forfeiture of any other property owned by the Defendant, up to the value of said money judgment, as substitute assets pursuant to Title 21 U.S.C. 853(p) and Fed. R. Crim. P. 32.2(e)(1).

                A TRUE BILL.

                _____
                FOREPERSON OF THE GRAND JURY

JUSTIN R. SIMMONS
UNITED STATES ATTORNEY

BY: _____
   Assistant U.S. Attorney